Per Curiam.
We think this appeal must be dismissed. The defendant was in default under rule 41 of the supreme court, because he had not served the printed copies of the.appeal papers in *275 accordance with its provisions, and the appellant moved at the November general term, as authorized by the rule, to dismiss the appeal. The disposition of that motion rested entirely in the discretion of the court below. It could grant the motion unconditionally or deny it without prejudice to a renewal of it at a subsequent date, or impose any reasonable or proper terms as a condition of its denial, or postpone action upon it, or dispose of it in any one of many other ways which might be suggested. Neither party could, as a matter of right, demand that any particular determination of it should be made. The court dismissed the appeal absolutely, with ten dollars costs of the motion, and from the order of dismissal this appeal has been taken, which the respondent now seeks to dismiss. The appellant insiste that the order is appeal-able because it affects a substantial right and determines the action and prevents a final judgment from whichan appeal might be taken. But under subdivision 2 of § 190 of the Code, to render such an order appealable, it must be one which does not rest in the discretion of the court, and as it was purely discretionary with the general term what kind of an order it would make in the premises, it is clear that no appeal lies to this court.
It appears that a similar motion was made at the October general term and was granted, unless the defendant, within twenty days after the service of the order upon his attorneys, submitted himself to the jurisdiction of the court to be served with a certified copy of the judgment herein. The appellant insists that, within the time prescribed, he submitted himself to the jurisdiction of the court, and was personally served with a certified copy of the judgment, and thus literally complied with the condition of that order.
It may be so assumed, for the purposes of this motion, but if true it does not exempt the appellant from a further compliance with the requirement of rule forty-ona It was sufficient to excuse his default at the October term, but the rule was still operative, and if his failure to serve the printed papers on appeal continued, a motion could be made at a subsequent term to dismiss his appeal for that cause, to which, if made, a compliance with the condition in the order granted at the October term would not be a bar.
The appellant’s counsel states in his brief, in opposition to the present motion, that on April 23, 1892, a motion was made at the general term to dismiss the appeal from the judgment, on the ground that the defendant could not take an appeal therefrom, inasmuch as he had fled from the jurisdiction of the court and remains absent from the state of New York, and that upon the hearing of the motion an order was made granting the same and dismissing the appeal, with ten dollars costs, unless the defendant, within twenty days after the service of a copy of the order upon his attorneys, submitted himself to the jurisdiction of the supreme court, to be served with a certified copy of the judgment; and that an appeal was taken from that order to this court, which is still pending ; a motion to dismiss the same having been denied ou March 7, 1893. It is claimed that, so long as this order remained *276 in force and unreversed, it operated as a dismissal of the appeal by the general term, as it was admitted that the condition contained in it had not been complied with ; and that, therefore, the general term could not subsequently entertain a motion, under rule forty-one, to dismiss an appeal not then pending in that court But the record upon this appeal does not disclose the facts in this respect upon which the appellant now relies. There is no reference to the order of April 23 in any of the papers upon which the order of dismissal at the November term was made, and we cannot consider it or its effect in determining the power of the court to make the subsequent order.
The motion must be granted, with costs.
All concur.